IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

CINDY CLEMENTS and )
DONALD J. CLEMENTS, )
   )
   Plaintiffs, )
   )
vs. )   No.   CV 98-J-3008-J
   )
STATE FARM FIRE and CASUALTY )
COMPANY, a corporation )
   )
   Defendant. )

## MEMORANDUM OPINION

Currently before the Court is Defendant State Farm's motion for summary judgment (doc. 6) to which the Plaintiff's did not respond.

### Undisputed Facts

On November 28, 1997, Plaintiffs entered into a contract with State Farm Fire and Casualty Company for homeowner's insurance on their home at 1035 Drummond Cut Off Road. Complaint ¶ 3, 4. The policy provided coverage for the accidental physical loss of the residence and its contents. State Farm Homeowner's Policy No. 01-85-3558-9, Defendant's Exh. A. Contained in the policy were exceptions to policy coverage including intentional acts, Defendant's Exh. A at 13, and fraud or concealment by the

1

insured of any material facts or circumstance relating to this insurance. Defendant's Exh. A at 18.

On March 14, 1998, Plaintiffs' home at Drummond Cut Off Road caught fire. Complaint ¶ 5. Upon investigation by the Walker County Sheriff's Department, the cause of fire was determined to be arson. Defendant's Motion for Summary Judgment at 3, Alabama Uniform Incident/Offense Report, Defendant's Exh. 1.

Previous to the fire, Plaintiffs had moved out of the home to live in a mobile home situated on Smith Lake. Sworn Statement of Donald Clements, 14; Sworn Statement of Cindy Clements, 33.[1] A week before the fire, the home on Drummond Cut Off went under a contract for its sale. Sworn Statement of Donald Clements,16; *see also* Defendant's Exh. 4. Initially, Plaintiffs attempted to sell the home on their own, hoping to avoid the six percent commission charge associated with realtors. Sworn Statement of Cindy Clements, 32. After their attempt to sell by owner failed, Plaintiffs listed the house with Hazel Narramore. *Id.* The home was sold for $73,000.00. Sworn Statement of Cindy Clements, 128; Sworn Statement of Donald Clements, 36. In order to build on their lot at Smith Lake, Plaintiffs needed $80,000.00. Sworn Statement of Cindy Clements, 26.

---

[1] There is a dispute as to when Plaintiffs moved out to their mobile home on Smith Lake. Mr. Clements testified they went up there in the Summer of 1997 and never returned to their home on Drummond Cut Off; Ms. Clements testified they permanently moved there in December of 1997. *See Id.*

On March 12, 1998, Mrs. Clements returned briefly to the home on Drummond Cut Off. Sworn Statement of Cindy Clements, 41. When she left the house, she locked the doors and checked the closed windows. *Id.* The house was protected by a security alarm that Mrs. Clements believes she activated when she left the house upon departure on March 12, 1998. Sworn Statement of Cindy Clements, 117-118. The only other people with access to the home were Mr. Clements, Hazel Narramore, and Glenda Hannah, Mrs. Clements' sister. Sworn statement of Cindy Clements, 43.

On the night of March 14th, sometime around 9:49 p.m., the house on Drummond Cut Off Road caught fire. Defendant's Exh. 1. A red, 1997 Chevrolet pick-up truck was found in the driveway when the volunteer fire department arrived. *Id.* It too had been set on fire. *See* Defendant's Exh. 1. At the time of the fire, Plaintiffs and their children were in Cullman eating at a Mexican restaurant. Sworn Statement of Cindy Clements, 92. Plaintiffs did not learn of the fire until the next day when they were informed by Mr. Clements' mother. Sworn Statement of Cindy Clements, 46. Mr. Clements' mother was told of the fire by Glenda Hannah, who in turn was informed by Robert Bramlett, a family friend and neighbor. Sworn statement (6/4/98) of Cindy Clements, 45.

After the fire was determined to be caused by arson by the Walker County Sheriff's Department, State Farm began their own investigation into the fire to determine whether the homeowner's policy would cover Plaintiffs loss. Defendant's Exh. B (amended). State Farm took both Plaintiffs statements. Defendant's Exh. 2, 3. Mr.

Clements' statement was taken on two separate occasions, once by recording and the other under oath. *Id.* Mrs. Clements' statement was taken three times, once by recording and under oath on two separate occasions. *Id.* State Farm took the statements of Robert Bramlett and Glenda Hannah as well. Defendant's Exh. 3. In addition, State Farm investigated seven other suspicious fires in which Mrs. Clements was involved and made claims against other insurance policies. Defendant's Exh. 5. State Farm employed Mr. Bruce Kennedy to perform a cause and origin examination of the fire. Defendant's Exh. B (amended). Following his inspection, Mr. Kennedy reported the fire to have been intentionally set through the use of kerosene. *Id.* Finally, State Farm employed a lawyer in private practice to research the coverage and the assess all of the evidence in the claim report. Defendant's Exh. 7.

On September 3, 1998, after receiving the report of Mr. Kennedy and the advice of counsel, State Farm wrote Plaintiffs informing them their claim was being denied. Defendant's Exh. 8; *see also* Defendant's Exh. 7 (report of counsel). In support of their determination, State Farm cited the § 1, page 13 and §§ 1 and 11, page 18 exclusionary language of intentional acts and fraud and concealment. *Id.*

## Summary judgment standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the

moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.* 477 U.S. at 322-23. The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issues of material fact. *Id.* at 323.

The burden then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. P. 56(e). In meeting this burden the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 587, *see also Anderson*, 477 U.S. at 249. The non-movant must

"demonstrate that there is indeed a material issue of fact precluding summary judgment." *Clark v. Clark & Coats, Inc.*, 929 F.2d 604, 608 (11th Cir.1991). Under Federal Rule of Civil Procedure 56(e), where the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party. Fed. R. Civ. P. 56(e).

On motions for summary judgment, the court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. See *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id.* at 249. The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Holcombe v. Alabama Dry Dock & Shipbuilding*, 1998 WL 758012 (S.D. Ala.); citing *Anderson*, 47 U.S. at 251-252.

## **Legal Analysis**

*A. Plaintiff's Breach of Contract Claim*

Plaintiffs allege State Farm breached its contract under the terms of the homeowner's policy by failing to provide coverage for loss due to fire. Complaint ¶ 17, 18. State Farm contends the plaintiffs' post-loss misrepresentations are an absolute defense to the breach of contract claim. Defendant's Motion for Summary Judgment, 21.

According to the terms of the policy, Plaintiffs' coverage was conditioned on the absence of concealment or fraud. Specifically, the policy read "this policy is void as to you and any other insured, if you or any other insured under this policy has intentionally concealed or misrepresented any material fact or circumstances relating to this insurance, whether before or after a loss." §§ 1,2 Policy No. 01-85-3558-9, page 18. State Farm maintains the failure on the part of Plaintiffs to fully disclose their financial condition as well as Mrs. Clements' attempt to suppress her involvement in seven other fires from which she collected insurance proceeds, constitutes an intentional concealment and misrepresentation voiding the policy.

Plaintiffs have wholly failed to present any evidence to this Court that State Farm breached their contract. However, State Farm has put forth significant evidence in the form of sworn testimony by Mrs. Clements, that Mrs. Clements tried to cover up her involvement in seven other fires. On three separate occasions, Mrs. Clements was asked about her involvement in these fires, particularly her collection of insurance proceeds

from said losses. *See* Recorded Statement of Cindy Clements, 27; Sworn Statement of Cindy Clements, 20-24. State Farm submitted substantial evidence that these misrepresentations affected its investigation into the fire on Drummond Cut Off Road. Defendant's Motion for Summary Judgment, 23.

In addition, the Clements' affirmatively misrepresented their financial condition. Initially, Plaintiffs told State Farm their financial obligations were $300 less than their monthly income. Defendant's Motion for Summary Judgment, 16; *see also* Recorded Statement of Cindy Clements, 30-38. Upon investigation, State Farm uncovered additional obligations amounting to increased spending of $800 per month. Sworn Statement of Cindy Clements, 119. According to these calculations, Plaintiffs were operating at a deficit of $500 per month.

State Farm argues that due to Plantiffs' material misrepresentations of material facts relevant to this insurance coverage it did not have a duty to provide coverage under the §§ 1 and 2, Concealment or Fraud provision of the insurance policy. Plaintiffs have submitted no evidence that any breach of the insurance contract occurred. As such, Plaintiffs have failed to meet their burden to come forward with substantial evidence that a genuine issue of material fact exists. Accordingly, State Farm is entitled to summary judgment in its favor on this count of Plaintiffs' complaint.

*B. Plaintiff's Claim of Bad Faith Refusal to Pay*

Under Alabama law, "the plaintiff in a 'bad faith refusal' case has the burden of proving: (a) an insurance contract between the parties and a breach thereof by the defendant; (b) an intentional refusal to pay the insured's claim; (c) the absence of any reasonably legitimate or arguable reason for that refusal (the absence of a debatable reason); (d) the insurer's actual knowledge of the absence of any legitimate or arguable reason; (e) if ... intentional failure to determine the existence of a lawful basis is relied upon, the plaintiff must prove the insurer's intentional failure to determine whether there is a legitimate or arguable reason to refuse to pay the claim. *National Sec. Fire & Cas. Co. v. Bowen,* 417 So.2d 179 (Ala.1982). More precisely, the plaintiff has the heavy burden of proving the defendant had no legal or factual defense to the claim. *See Id.* at 183; *Chavers v. National Sec. Fire & Cas. Co.,* 405 So.2d 1 (Ala.1981). Ultimately, this requirement amounts to a showing that the plaintiff is entitled to recover on the contract claim as a matter of law. *See S & W Properties, Inc. v. American Motorists Insurance Company,* 668 So. 2d. 529, 531 (Ala. 1985). In the case at bar, Plaintiffs have failed to meet this burden.

Because the actions of the Plaintiffs voided the contract, Plaintiffs can not recover for bad faith refusal to pay as a matter of law. Moreover, even assuming *arguendo* that the contract was enforceable, Plaintiffs would still fail to meet their burden of proving bad faith. The evidence submitted to this Court established the affirmative defense of

9

arson, thereby providing State Farm with a legitimate, arguable reason for denying Plaintiff's claim under the policy.

To establish the affirmative defense of arson to a loss claim, the insurer has the burden of proving (1) arson by someone, (2) motive on the part of the insured and (3) evidence implicating the insured. *Bush v. Alabama Farm Bureau Mutual Casualty Insurance Co.,* 576 So.2d 175 (Ala. 1991). Defendant State Farm has carried this burden.

The evidence submitted to this Court has proven the fire at 1035 Drummond Cut Off Road was caused by arson.[2] The investigation of the Walker County Sheriff's Department as well as State Farm's independent investigation by Mr. Kennedy found evidence of kerosene used as an accelerant to initiate and support combustion to this intentionally set fire. Defendant's Exh. B, doc. 8 at 4.2. Samples taken from the home by Mr. Kennedy were sent to Analytical Forensic Associates, Inc. for analysis. The analysis corroborated Mr. Kennedy's theory that kerosene was used as an accelerant to the fire. Defendant's Exh. B, doc. 8. Included in the sampling was a part of the burned carpet and padding from the master bedroom, cardboard removed from the end of the bedroom hall, and part of the carpet and padding from the living room and northwest bedroom. *Id.* Kerosene was detected in all samples. *Id.* Notably, the Alabama Uniform Incident/Offense Report, signed by Mr. Clement, listed the cause of the fire as arson. *See* Defendant's Exh. 1.

---

[2] The parties do not dispute that someone intentionally set fire to Plaintiff's property.

As for motive on the part of Plaintiffs, State Farm has submitted substantial evidence that the Plaintiffs were losing money on the sale of the home at Drummond Cut Off Road, that the cost of building the home on Smith Lake was to exceed the profits gained from the sale of the home on Drummond Cut Off, and that Plaintiffs were heavily in debt.[3] Plaintiffs have not disputed any of this evidence. In fact, they conceded as much during the course of the several statements taken by State Farm.

Finally, the evidence implicates Plaintiffs themselves in the arson. In meeting this third and final prong of the arson defense, the insurer is only required to establish circumstantial evidence implicating the insured. *See Great Southwest Fire Ins. Co. v. Stone*, 402 So.2d 899, 900 (Ala. 1981). Evidence such as being the last person to leave the home, especially where access is limited, is sufficient to raise such an implication. *Id.* Here, Mrs. Clements testified she was the last known person in the house. She further testified she paid caution to locking the doors and activating the alarm. Sworn Statement Of Cindy Clements, 116-117.

With the investigation of the fire pointing to an origin from within the home and no signs of forced entry, the implication is that someone with access to the residence had to have set the fire. Mrs. Clements testified that only she, her husband, her sister, and

---

[3] Plaintiffs' monthly expenses exceeded their monthly income by $500.00. Plaintiffs initially tried to cover up this fact by withholding the sum of some of their monthly obligations. Additionally, between March 1 and March 14, 1998, Plaintiffs had twice written checks that were returned for insufficient funds. *See* Affidavit of Jimmy L. Plott at ¶ 3.

Hazel Narramore had access to the home. This implication alone gave State Farm an arguable reason for denying the claim.

Based on the evidence establishing arson as an affirmative defense to the claim, State Farm has articulated a legitimate, arguable reason for denying Plaintiffs' claim. As this evidence creates a fact issue with regard to the validity of the underlying claim and the legitimacy of the denial of said claim, Plaintiffs have failed to meet the burden necessary to prevail on a claim for bad faith refusal to pay. *See State Farm Fire and Casualty Company v. Balmer,* 891 F.2d 874, 876 (11th Cir. 1990) (*citing National Savings Life Ins. Co. v. Dutton,* 419 So.2d 1357,1362 (Ala. 1982)). Accordingly, summary judgment is granted in favor of the defendant, State Farm and against Plaintiffs on the bad faith count of Plaintiffs' complaint.

## Conclusion

Based upon the foregoing analysis, the Court finds that State Farm has satisfied its burden of "affirmatively [demonstrating] the absence of a genuine issue of material fact". *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir. 1991) (en banc) (citations omitted). The plaintiffs have not come "'forward with significant, probative evidence demonstrating the existence of a triable issue of fact.'" *Id.* No

genuine issues of material fact remain. Accordingly, summary judgment is **GRANTED** in favor of State Farm by a separate order entered this day.

**DONE** and **ORDERED** this the _12_ day of November, 1999.

_____
Inge P. Johnson
United States District Judge